[Cite as *State v. Foster*, **2011-Ohio-2480.**]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10-COA-033 |
| DUSTIN M. FOSTER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from Ashland County Court of Common Pleas, Case No. 10-CRI-076

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 20, 2011

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

RAMONA FRANCESCONI ROGERS     DOUGLAS A. MILHOAN
Ashland County Prosecutor     P.O. Box 347
110 Cottage Street, Third Floor     Middlebranch, Ohio 44652
Ashland, Ohio 44805

PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, J.*

{¶1}   Defendant-appellant Dustin M. Foster appeals his sentence entered by the Ashland County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 19, 2010, Appellant struck two men in the back of the head with a hammer during a robbery.  The men had to be lifeflighted to Cleveland Metro Hospital.  Both men sustained fractured skulls.  During the police investigation of the incident, Appellant was observed on surveillance video with the victims at a local bar in Ashland, Ohio.  The investigating officers contacted Appellant urging Appellant to turn himself in, but Appellant fled to the State of Pennsylvania.

{¶3}   Initially, Appellant claimed self-defense.  However, Appellant later admitted to seeing one of the victims with a large sum of money in his wallet.  He lured them to a home after leaving the bar, where he obtained a hammer and attacked them from behind.  Appellant stole money from the victim's wallet and left the two victims in the alley.

{¶4}   On July 27, 2010, Appellant entered a plea of guilty to two counts of felonious assault, both felonies of the second degree.  On September 20, 2010, the trial court sentenced Appellant to sixteen years in prison.

{¶5}   Appellant now appeals, assigning as error:

{¶6}   "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."

{¶7}   Based on the record, this Court cannot find the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's

rights to due process under the Ohio and United States Constitutions in its sentencing. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶8}** In his assignment of error, Appellant contends his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources.

**{¶9}** In *State v. Ober* (Oct. 10, 1997), Greene App. No. 97CA0019, the Second District considered this same issue. In rejecting the argument, the court stated,

**{¶10}** "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

**{¶11}** The *Ober* court concluded,

**{¶12}** "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." *Id.*

{¶13} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states, in pertinent part:

{¶14} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."

{¶15} As we noted in *State v. Ferenbaugh,* Ashland App. No. 03COA038, 2004-Ohio-977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* Ashland App. No.2008-COA-036, 2009-Ohio-3105, this Court reviewed a similar claim. We found although burdens on State resources may be a relevant sentencing criteria as set forth in R.C. 2929.13, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019, 1997 WL 624811.

{¶16} Upon review, we do not find the sentence imposed herein constituted an unnecessary burden on state resources. The sole assignment of error is overruled.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
DUSTIN M. FOSTER                       :
                                       :
    Defendant-Appellant            :          Case No. 10-COA-033

For the reason stated in our accompanying Opinion, the judgment of the Ashland

County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY